

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-94,093-01

**EX PARTE DEXTER EARL GOYNES, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W21-75226-P(A) IN THE 203rd DISTRICT COURT
FROM DALLAS COUNTY**

*Per curiam.*

## O P I N I O N

Applicant pleaded guilty to aggravated robbery and was sentenced to ten years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because his plea bargain contemplated that he would be bench warranted back to the trial court to be considered for "shock probation," but that the trial court lost jurisdiction before Applicant could be brought back to Dallas County. The trial court made findings of fact and conclusions of law that the terms of Applicant's plea bargain agreement cannot be enforced because the trial court no longer has

jurisdiction to consider him for shock probation; that Applicant's guilty plea has therefore been rendered involuntary; and that Applicant should be permitted to withdraw his plea.

Relief is granted. *Ex parte Austin*, 746 S.W.2d 226 (Tex. Crim. App. 1988). The judgment in cause number 75226-P in the 203rd District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:     OCTOBER 05, 2022
Do not publish